On July 31, 1979 the court entered the following order:
This case came before the court on appeal from the Indian Claims Commission under a special jurisdictional *739 statute on the issue of whether the Commission had correctly held that an 1877 statute under which the United States acquired certain lands from the Sioux Indians constituted a taking of those lands for which the United States was required to pay just compensation under the fifth amendment and that the fair market value of the land and other interests in it that the government thus acquired was $17,553,484, which included the sum of $450,000 for gold that miners took from the land before the 1877 statute. Establishment of a taking by the government would not only create its liability for the value of the property taken but also for interest from the date of taking.
On June 13, 1979, ante at 360, the court entered its decision affirming the order of the Indian Claims Commission of February 15, 1974 insofar as it held that the Act of February 28, 1877 constituted a taking of the Sioux land in the Black Hills and the rights-of-way acquired thereunder, but reversing said order insofar as it held that the removal of gold from the Great Sioux Reservation prior to February 28, 1877 constituted a taking.
The case now comes before the court on plaintiffs’ motion, filed July 3, 1979, moving the court "for the entry of judgment pursuant to the opinion and decision of the court of June 13, 1979, in the sum of $17,553,484, plus interest as a measure of just compensation at the rate of 5 percent per annum on the sum of $17,103,484 of said sum of $17,553,484, from February 28, 1877 to the date of payment.” On July 20, 1979, defendant filed a response stating "that it has no objection to the entry of judgment as proposed by plaintiffs’ motion of July 3, 1979” with the understanding "that the judgment will encompass all claims in No. 148-78 and in its predecessor case, Docket No. 74-B, before the Indian Claims Commission and that the judgment will be subject to the parties’ right to seek review from the court’s determination of June 13, 1979.” On July 24, 1979, plaintiffs filed a reply confirming agreement to defendant’s said understanding. Upon consideration thereof, without oral argument,
it is concluded and ordered, on the basis of the above and the decision of this court of June 13, 1979, that plaintiffs’ said motion for entry of judgment be and the same is granted to the extent that judgment is entered for *740 plaintiffs for seventeen million five hundred fifty-three thousand four hundred eighty-four dollars ($17,553,484) plus interest as a measure of just compensation at the rate of 5 percent per annum on the sum of $17,103,484 of said sum of $17,553,484 from February 28, 1877, to the date of payment.
This judgment will encompass all claims in No. 148-78 and in its predecessor case, Docket No. 74-B, before the Indian Claims Commission and it will be subject to the parties’ right to seek, review from the court’s determinations of June 13, 1979. [On June 30, 1980, 448 U.S. 371, the Supreme Court affirmed the opinion of June 13, 1979.]